RENFRO v. THE STATE.

CRIMINAL LAW. *Larceny of mule. Special property.* Where the prosecutor was in possession of the mule, accompanied by a special ownership, it is not material to inquire in whom the general ownership was, so it does not appear to be in the defendant; but while this is so, it is error to exclude testimony looking to the general ownership, especially if such evidence tends to deny the special ownership of the prosecutor.

Code cited: Sec. 4679.

FROM SHELBY.

Appeal from the Criminal Court · at Memphis.

ATTORNEY-GENERAL HEISKELL for the State.

No brief for defendant.

NICHOLSON, C. J., delivered the opinion of the court.

Renfro was indicted in the Criminal Court at Memphis for stealing a mule, the property of Wm. H. Berkshire. He was convicted and sentenced to the penitentiary for ten years, and has appealed to this court.

The facts, as far as it is necessary to state them, are as follows: The mule alleged to have been stolen belonged to Berkshire, who contracted to sell it to Renfro, taking his note, but retaining the title and the right to resume possession whenever he might choose, Renfro to hold possession and use the mule as

the agent of Berkshire. At the time of that contract Renfro was in the employment of Berkshire as a market-man, taking vegetables to market for sale. Berkshire desired to become the owner of the mule, and called on Berkshire to know if he had any claim on it, and then learned that he had sold it to Renfro, and the terms of the contract. Berkshire was of opinion that in law Renfro had a right to sell the mule, and accordingly, as he proves he purchased the mule from Renfro, squaring an account he had against him for $140 or $150, but left the mule in Renfro's possession to be used in his market cart. Berkshire, learning that Renfro had run away, went to Renfro's mother-in-law, where he lived, and where he had left the mule, and took possession of it, and carried it to his house.

Renfro's mother-in-law proves that Berkshire came and said he wanted to borrow the mule for a short time, and would return it, and that it was under this pretense he got possession of and kept the mule.

It turned out that Renfro had not run away, but had gone to look after another mule. He returned the same day the mule was taken by Berkshire, and on the next morning went to him and got the mule under pretense of using it that day, which was Sunday, to carry his family to church, but he rode the mule off and went to Arkansas and remained about a year. On his return, for obtaining the mule by fraud, he was indicted for larceny under sec. 4629 of the Code.

Two or three witnesses prove admissions and con-

versations of Berkshire to the effect that his purchase of the mule from Renfro was a scheme to prevent Berkshire from getting it. Berkshire denies making these statements, and there is evidence impeaching and sustaining the characters of several of the witnesses.

Upon these facts the Criminal Judge charged the jury, among other things not excepted to:

1st. "If the prosecutor was in possession of the mule under color of right, and asserting his title to the same, this is a sufficient ownership to meet the requirements of the law, without regard to the fact in whom the legal title may be. The question of rightful ownership must be determined in another tribunal."

2d "All the testimony of the witness Berkshire on the question as to whether the valid legal title is to him or the prosecutor (Berkshire) is excluded from consideration, except for the purpose of testing the credibility of the prosecutor or the said Berkshire."

3d. "The court charged that the indictment was framed under sec. 4679 of the Code," etc. Then follows this statement in the charge: "The balance of the charge of the court in no way qualified the proposition herein set forth."

The court charged the jury that if the defendant took the mule under an honest claim of right, the defendant should be acquitted.

The only errors relied on for defendant which we deem it necessary to notice are those assigned upon the charge of the court. The property in the mule is charged in the indictment to be in Berkshire, the

prosecutor. It was sufficient to sustain the charge that he was either the general or special owner of the mule. If the proof should fail to show either a general or special ownership, the prosecution must fail. Hence the question of ownership was a material matter of investigation. If the proof of Berkshire is believed (and his character is well sustained), the legal title was in him, and Renfro was merely in possession as his agent, and these facts were well known by Berkshire. It is admitted by Berkshire that he was informed by Berkshire of his claim to the mule under his conditional sale to Renfro. Upon this view of the case the general ownership or legal title of the mule was in Berkshire, and the law would presume that he was entitled to the possession. This would be sufficient to defeat the prosecution, unless the prosecutor could show that he had a special property in the mule at the time it was received by Renfro.

The Criminal Judge stated the law correctly, that if the prosecutor was in possession of the mule, accompanied by a special ownership, it was not material to inquire in whom the general ownership was if it did not appear to be in the defendant. But it does not follow that on the question whether the prosecutor had a special property or not, it was not competent to prove that the general ownership was in Berkshire. On this question of fact the proof that Berkshire had the legal title, and, consequently, was *prima facie* entitled to the possession, was legitimate evidence to be weighed by the jury in determining whether the *prima facie* right of Berkshire to possession was overcome by

Renfro v. The State.

the proof of Berkshire. His claim to the mule rests upon his alleged purchase from Renfro; but Berkshire proves that Renfro was merely his agent, and that Berkshire knew it. Two or three other witnesses prove that Berkshire admitted that his purchase of the mule from Renfro was a mere sham to defeat Berkshire's claim. If the jury should believe that Berkshire's claim was a mere sham or pretense, then he had no such special title as would sustain the allegation of ownership in the indictment. It is obvious that on this question of fact the proof of Berkshire that he was the general owner, and that Renfro was merely his agent, and had no authority to sell, and that these facts were known to Berkshire, was material to be considered by the jury. If Berkshire had no ownership, general or special, then, for the purposes of this prosecution, whether Renfro procured the mule fraudulently or not, the fraud would have been against Berkshire, and to sustain the indictment the property should have been alleged to be in Berkshire.

In this view of the case the Criminal Judge was in error in charging that the general ownership was not a proper subject of enquiry, and in excluding from the jury the evidence of Berkshire.

For these errors the judgment is reversed.